UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDY MARIE BECK, | CASE NO. 4:19-cv-2320 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| DEFENDANT. | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 18 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Supplemental Security Income ("SSI"). Plaintiff Brandy Marie Beck ("Beck" or "plaintiff") filed objections to the R&R (Doc. No. 19 ["Obj."]) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 20 ["Resp."])[1]. Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections and accepts the R&R.

I.     BACKGROUND

Beck protectively filed an application for SSI on September 9, 2013, and was approved by Administrative Law Judge ("ALJ") decision dated July 13, 2015. (Doc. No. 13 (Transcript ["Tr."])

---

[1] Commissioner's response adds nothing to the analysis, as it merely stands on the merits of the original brief.

78–86.²)³ On review, defendant found medical improvement as of March 2017 and ceased plaintiff's benefits. (Tr. 144–46.) Defendant denied plaintiff's request for reconsideration after a Disability Hearing Officer's ("DHO") decision (Tr. 149–62), and she requested a hearing before an ALJ (Tr. 163–65), which was conducted on July 12, 2018 in Akron, Ohio (Tr. 8–47). Plaintiff participated in the hearing, represented by counsel; a vocational expert ("VE") also appeared. *Id.*

On November 2, 2018, the ALJ issued a decision finding that Beck's disability ended on March 1, 2017, and that she had not become disabled again since that date. (Doc. No. 16, Supplemental Transcript ["ALJ Decision"] at 1387.)⁴ After the Appeals Council denied review, the ALJ Decision became final. Beck timely filed the instant action seeking judicial review.

On May 4, 2020, Magistrate Judge Greenberg issued his R&R, recommending that defendant's decision be affirmed because substantial evidence supported the ALJ's finding of no disability.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

---

² For convenience, citations to the transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

³ The application was based on the following illnesses, injuries, or conditions: digestive problems, back problems, clinical depression, anxiety disorder, ankle problems, bipolar, severe migraines, severe fibromyalgia, hip problems, shoulder problems, degenerative disc disease, panic attacks, and scoliosis. (Tr. 117–18.)

⁴ The ALJ Decision was inadvertently omitted from the Transcript and was, therefore, submitted in a supplemental filing.

is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

### B.  Analysis

Beck's objection to the R&R is very sparse, mostly just referencing, in footnotes, portions of her original brief before the Magistrate Judge. It is apparent that she simply disagrees with the R&R. But, other than the one objection addressed briefly below, Beck has generally not "properly objected to" anything contained in the R&R. Therefore, this Court need not give *de novo* review.

The only objection made by Beck that is not a rehash of her merits brief is that the R&R relied upon "[c]ases cited from other districts [that] would require a plaintiff to provide a medical opinion that her schedule of medical appointments was necessary, rather than her actual schedule of appointments sufficing to speak for itself." (Obj. at 1530–31 (citing R&R at 1528).) Beck states:

> Plaintiff respectfully asks this Court not to follow such line of cases but instead to consider that in this case [p]laintiff's treatment providers scheduled her for twenty-six appointments over a fifteen-month period; that [p]laintiff testified that she had even more appointments scheduled but would miss appointments due to her headaches; that [p]laintiff complained about how often she had to attend; and that the vocational expert testified that such rate of absence from work would be work-preclusive. The ALJ did not address absenteeism in his decision, and his conclusions lacked the support of substantial evidence.

(*Id.* (internal citations to Plaintiff's Merits Brief omitted).)

In her original merits brief, Beck had asserted as follows, with *no* citation to the record and with *no* support:

> *Not in dispute* is the fact that, throughout the time period at issue herein, [p]laintiff required medical appointments often enough to result in absences at least twice a month on average, as outlined above, not even accounting for days of headaches or other pains or bipolar episodes that would result in additional absences. Respectfully, substantial evidence does not support the ALJ's finding that [p]laintiff retained a residual functional capacity for a range of light, unskilled work on a regular and continuing basis over time.

(Doc. No. 14, Plaintiff's Brief on the Merits, at 1466 (emphasis added).) In response, the Commissioner stated:

> Plaintiff also vaguely asserts that she would be off-task or absent from work beyond what the VE testified was acceptable at the hearing and that her required medical appointments would require absences at least twice per month (Pl. Br. [1465–66]).[3] Plaintiff, however, provides no evidentiary support for her argument. Indeed, [p]laintiff bears the burden of demonstrating that her physical and mental impairments would result in greater limitations than what the vocational expert (VE) testified was acceptable. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) ("Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments. . . ."). She has

4

provided no medical opinions to substantiate her claim or any other record medical evidence. As such, her claim is without merit.

> [3] The VE testified that an employer would tolerate being 15% to 20% off-task, but would not tolerate an employee being absent two days per month, three months in a row (Tr. [116–17]).

(Doc. No. 17, Defendant's Brief on the Merits, at 1501 (footnote in original).)

Examining this challenge by plaintiff, the R&R concludes:

> [Beck's] argument is without merit. *See Hodson v. Comm'r of Soc. Sec.*, Civil Action No. 3:17-cv-00096-GNS-CHL, 2018 WL 3326842, at *6 (W.D. Ky. Mar. 1, 2018) ("But, as the undersigned has noted, plaintiff did not present any medical record or medical source opinion regarding [absenteeism]."); *Pryor v. Comm'r of Soc. Sec.*, Case No. 14-13325, 2015 WL 12683977, at *7 (E.D. Mich. Aug. 21, 2015) ("However, Pryor has failed to set forth any facts or medical opinions which demonstrate that he requires physical therapy on a rigid schedule that would conflict with his ability to work."); *Bray v. Comm'r of Soc. Sec.*, No. 1:13-CV-00040, 2014 WL 4377771, at *3 (S.D. Ohio Sept. 13, 2014) ("In both [cases cited by plaintiff], there was specific affirmative evidence that indicated the plaintiff would have to be absent from work frequently during normal work hours and that those frequent absences likely would impair the plaintiff's ability to work . . . . [T]hat is not the case here."); *Swafford v. Comm'r of Soc. Sec.*, No. 1:12cv19, 2013 WL 1196590, at *1 (S.D. Ohio Mar. 25, 2013) ("However . . . evidence of frequent medical appointments alone is not enough. Instead, there must be evidence such as a medical source opinion about the likelihood of absenteeism caused by the claimant's impairments and the need for treatment during working hours.") (citations omitted).

(R&R at 1528 (footnote omitted).) Other than simply asking that this Court "not follow such line of cases [from other districts,]" plaintiff offers no analysis of the cases[5] and fails to state why they are erroneously decided and/or are inapplicable to her situation. She merely points to her original brief and asks this Court to reconsider evidence that was already considered by the Magistrate Judge.[6]

---

[5] Although plaintiff correctly states that the cases are from "other districts," they are all districts within the Sixth Circuit and are, therefore, persuasive authority.

[6] Although plaintiff asserts that the ALJ failed to address absenteeism in his decision, the R&R notes that the Commissioner had argued that there was a lack of medical evidence in support of absenteeism, but plaintiff, who filed

Even so, the cases that plaintiff objects to were properly relied upon in the R&R. Plaintiff asks this Court to simply *assume* that she needed the number of appointments that her medical professionals allegedly scheduled for her—that is, to allow "her actual schedule of appointments … to speak for itself." (Obj. at 1531.)[7] But in case after case in the Social Security context, it is standard operating procedure to require *evidence* to support subjective opinions and information. For example, even though the opinion of a treating medical source is generally given considerable weight, it is not sufficient for that source to simply declare a conclusion; an ALJ and a reviewing court will always require support in the medical record for that conclusion. *See, e.g.*, *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 660 (6th Cir. 2009) ("An ALJ must give the treating source's opinion on the nature and severity of the claimant's impairment controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" (quoting 20 C.F.R. § 404.1527(d)(2)). Nor is it enough to prove a disability that a claimant states her own subjective view regarding her intensity of pain and her ability to work; while the regulations forbid outright rejection of a claimant's own subjective assessments, 20 C.F.R. § 404.1529, in order for the assessment to be deemed credible, there must be some support in the record. *See, e.g.*, *Moruzzi v. Comm'r of Social Sec.*, 759 F. App'x 396, 403 (6th Cir. 2018) ("According to 42 U.S.C. § 423(d)(5)(A), subjective complaints of 'pain or other symptoms shall not alone be conclusive

---

no reply brief, did not respond to or refute that argument. (R&R at 1528 n.3.) This Court need not resurrect an argument that was waived before the Magistrate Judge.

[7] Beck does not direct the Court to any place in the record where one might find her "actual schedule of appointments[,]" so that it might "speak for itself." The Court's independent review of the record locates only one mention of medical appointments that, arguably, suggests they might have been frequent (such that they would cause absenteeism that, as the VE had noted during the hearing, would generally not be tolerated by an employer (*see* Tr. at 46)); but even that is little more than Beck's subjective impression, unsupported by tangible evidence. (*See* Tr. at 475 (where progress notes indicate that Beck reported to a nurse practitioner on April 13, 2017, that she "has many medical related appointments[]" and "feels like she spends more time in her van than she does at home.").)

6

evidence of disability.' We are to first 'examine whether there is objective medical evidence of an underlying medical condition.'" (citations omitted)).

And, as here, it is not sufficient for plaintiff to argue that, since her medical professionals apparently scheduled her for several appointments, that schedule should "speak for itself" to establish, without objective evidence in the record, that she *needed* that many appointments and, therefore, is (or must be) disabled. Plaintiff has pointed to no case law in support of her proposition that her schedule of appointments (even if it were in the record) would be sufficient by itself to establish a disability, and the Court's own independent research has found none.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections are overruled, and the R&R is accepted. Because the defendant's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: September 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**